# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **Criminal No. 23-254** |
| | ) |
| WENDELL SLADE | ) |

### Opinion and Orders on Pretrial Discovery Motions

Defendant Wendell Slade is charged in an Indictment with one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e). Presently before the Court are Mr. Slade's Motion for Discovery (ECF No. 63), Motion for Reasonable Notice of Evidence the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 (ECF No. 62), and Motion to Preserve Law Enforcement's Rough Notes (ECF No. 64). The government has filed a Response to the Motions, to which Mr. Slade has filed a Reply. ECF Nos. 68, 71.

## I.    Motion for Discovery (ECF No. 63)

Mr. Slade requests a general Order that directs the government to comply with its' discovery obligations so that discoverable information, presently unknown to Mr. Slade, is disclosed. Specifically, Mr. Slade seeks production of exculpatory and/or impeachment information, favorable to Mr. Slade, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150, 154 (1972), *Napue v, Illinois*, 360 U.S. 264 (1959), and *United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991). In addition, Mr. Davis seeks disclosure of all evidence discoverable under Federal Rule of Criminal Procedure 16(a)(1).

### A.    Exculpatory and Impeachment/Inculpatory Evidence

"In *Brady,* the Supreme Court held that due process required that [upon request] the government produce all "exculpatory" evidence, which includes both '[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness.'" *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994) (quoting *United States v. Hill,* 976 F.2d 132, 134-35 (3d Cir.1992)). Once a defendant makes a request for such materials, the government is obligated to disclose such exculpatory evidence, "in time for its effective use at trial." *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983) ("No denial of due process occurs if *Brady* material is disclosed to [defendants] in time for its effective use at trial"). The Supreme Court in *Giglo* extended its ruling in *Brady* to encompass impeachment evidence relating to the credibility of a government witness. *Giglio*, 405 U.S. at 154. Any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under *Brady. See Higgs*, 713 F.2d at 43 ("Evidence that government witnesses have been granted immunity and/or leniency for their cooperation is clearly relevant on the issue of their credibility"). Even after the government initially discloses exculpatory and impeachment material, it remains under a continuing obligation to disclose such materials not already provided. LCrR 16(C); Fed. R. Crim. P. 16(c).

### B.    Rule 16 Materials

"Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due

process clause of the Constitution." *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994).
Federal Rule of Criminal Procedure 16(a)(1) requires the government, when requested by
defendant, to disclose, within proscribed limits, the defendant's oral, written, or recorded
statement (Rule 16(a)(1)(A) & (B)) and the defendant's prior record (Rule 16(a)(1)(D)). In
addition, pursuant to Rule 16(a)(1)(E) ("Documents and Objects"), upon the defendant's request,
"the government must permit a defendant to inspect and to copy or photograph" said documents
and objects as set forth in the Rule. Fed. R. Crim. P. 16(a)(1)(E). Similarly, when requested by
defendant, the government must also permit the inspection, copying, or photographing of results
or reports of any physical or mental examinations and scientific tests or experiments. Fed. R.
Crim. P. 16(a)(1)(F). When requested, "the government must give to the defendant a written
summary of any [expert] testimony that the government intends to use, . . . during its case-in-
chief at trial," and the written summary "must describe the witness's opinions, the bases and
reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). In
addition, the government remains under a continuing duty to disclose any additional evidence it
discovers. Fed. R. Crim. P. 16(c). "Information Not Subject to Disclosure," is described in Rule
16(a)(2), as follows:

> Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not
> authorize the discovery or inspection of reports, memoranda, or other internal
> government documents made by an attorney for the government or other
> government agent in connection with investigating or prosecuting the case.

Fed. R. Crim. P. 16(a)(2).[1]

---

[1] Rule 16(a)(2) also prohibits "the discovery or inspection of statements made by prospective government witnesses except as provided in [the Jencks Act] 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2).

### C.    Discussion

With respect to Rule 16(a)(1), Mr. Slade seeks a Court Order directing the government to abide by its discovery obligations to disclose all Rule 16(a)(1) material, not already disclosed. With respect to exculpatory and/or inculpatory materials, Mr. Slade seeks disclosure of all information and evidence that tends to show any witness's bias or prejudice against Mr. Slade. Mr. Slade also seeks disclosure of all information and evidence of any witness's narcotic use, or addiction, as well as any related treatment records; evidence bearing upon competency, including any mental health treatment undergone by a witness; all information and evidence of any threats made against any witness or attempts made to influence the testimony of a witness; any information or evidence of any witness's misconduct that bears on bias, motive, credibility, reliability, or competence; disclosure of relationships between or among witnesses; disclosure of deals the government has made with any witness, including evidence of cooperation or agreements, all promises and representations, monetary or non-monetary assistance, promises of immunity, leniency, or preferential treatment; disclosure of information and evidence of any witness's involvement in any another federal, state, or local case or investigation, as an informant, cooperator, or witness; information and evidence of any witness's potential unreliability or credibility; information tending to call into doubt law enforcement's investigation of this case; allegations of misconduct by any law enforcement witness; disclosure of criminal records of any prospective government witness; and information and evidence of *crimen falsi* acts, such as perjury, fraud, and forgery, of any prospective government witness. Mr. Slade also seeks disclosure of evidence favorable to defendant that is only in the possession of law enforcement (not the government); all information that is likely to lead to evidence favorable to

defendant; and any evidence that is favorable to the defense, whether the government believes such evidence is material or not.

In Response, the government states that it is aware of its discovery obligations and states that it has produced all documents, photographs, videos, and digital evidence in its possession. The government also acknowledges its continuing obligation to provide Mr. Slade with any exculpatory or impeachment material not already provided, and its Rule 16 obligation to provide Mr. Slade with any Rule 16 material it acquires. There is no indication that the government has not met its obligations under *Brady/Giglio* or under Rule 16, and Mr. Slade is not alleging that the government has failed to meet its obligations. In his Reply, Mr. Slade reiterates that the nature of his request is aimed at providing an Order that confirms the defense's understanding of the government's disclosure obligations and that directs the government to comply with said obligations. ECF No. 63 at 1. Mr. Slade further explains his concerns as follows:

> A clear, pre-trial court order listing these categories will avoid later disputes over whether any particular evidence qualifies and will put the government on formal notice to seek protective relief if it wishes to withhold certain items that might fall within them for another reason—thus avoiding disputes on the eve of trial about whether later-uncovered evidence was or was not discoverable. If no such evidence exists, or if it has already been properly produced, the government need take no further action. That process is vastly preferable to a situation *where no one but the government itself can ever know exactly how it has interpreted its discovery or investigative obligations, nor what unproduced evidence may be in the exclusive possession of the government or its agents*. Additionally, without a court order in place, Mr. Slade's ability to meaningfully confer with the government is necessarily limited, since he can only specifically request evidence that he knows to exist.

ECF No. 71 at 4 (emphasis added). Mr. Slade's reasoning is sound, but it is not clear how Mr. Slade's proposed Order would accomplish the result he desires, in a manner above and beyond what is already required of the government by Rule 16 and case law regarding exculpatory and inculpatory materials. Similarly, it is not clear how the proposed Order would enable the defense

and the Court, to know how the government "interpreted its discovery or investigative obligations," and "what unproduced evidence [is] in the exclusive possession of the government or its agents." ECF No. 71 at 4. As far as the Court can tell, the defense's Proposed Order provides a formal recitation of the government's discovery obligations, emphasizing categories of evidence related to exculpatory, inculpatory, and impeachment evidence. ECF No. 63-1 at 1-2 (¶¶ a.-n.).

In support of entering the requested Proposed Order, the defense argues that it can avoid potential "inadvertent or good-faith disagreements over discovery obligations [that] often cause delays and uncertainty." ECF No. 71 at 4. This is followed by citation to several cases recognizing the existence of serious problems with *Brady* violations. In one of the cited cases, from the District of Massachusetts, the District Judge describes, at length, a series of "sloppy" and egregious *Brady* violations in that District, occurring from 1991 through 2009, the date of the decision. *United States v. Jones*, 620 F. Supp. 2d 163, 167, 168-171 (D. Mass. 2009) (also referring to the "persistent recurrence of inadvertent violations of defendants' constitutional right to discovery in the District of Massachusetts"). The *Jones* cases certainly shows that, in the District of Massachusetts, at least as of 2009, there had been an extraordinary amount of inadvertent, blatant, and egregious *Brady* violations, resulting in mistrials, the release of convicted defendants, and dismissals of indictments (with and without prejudice). The District Judge in *Jones* discussed the possibility of sanctioning the government with monetary penalties or instituting criminal contempt proceedings against the prosecutor. There is no similar record of such persistent and egregious problems, spanning several decades, in the Western District of Pennsylvania. Nor have the *Brady* violations that have occurred in this District been of the egregiousness described in the *Jones* case. It should be noted that the District Judge in *Jones*

repeatedly referred to a lack of proper training of prosecutors in that District with respect to their discovery obligations.

In this case, it is a given that the prosecutor must abide by his discovery obligations outlined in Rule 16, Rule 26.2, the Local Criminal Rules, the Jencks Act, and case law, explaining and defining the obligations of prosecutors with respect to exculpatory, inculpatory, and impeachment materials. As an officer of the court, the prosecutor's statements in his Response Brief are presumed to be true; and indeed, if a prosecutor provided false statements in a court brief, such would raise the possibility of sanctions. Thus, there is no reason to doubt the government when it says that it has produced "all documents, photographs, videos, and digital evidence in its possession," and that the prosecutor recognizes and intends to adhere, at the appropriate times, to his discovery obligations under Rule 16 and 26.2 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, and *Brady/Giglio*." ECF No. 68 at 3.

Given the lack of a history in this District, of prosecutorial inadvertent or egregious discovery violations, coupled with the lack of any allegation of discovery impropriety on the part of government in the present case, the Court declines to enter the defense's Proposed Order. Because the government appears to be complying with its discovery obligations, the Motion for Discovery is DENIED, without prejudice. The Court's Pretrial Scheduling Order will set a date certain for the government to provide defense counsel with copies of any *Brady/Giglio* impeachment materials not previously disclosed.

IT IS FURTHER ORDERED that the government is required to update its production when it receives, learns of, or knows that another party has new discovery materials that are required to be produced to the defense. The government must always disclose materials to the defense in sufficient time for effective use at a pretrial hearing or trial. Similarly, to the extent

the Government becomes aware of additional *Giglio* material, said material shall be provided to the defense in sufficient time for its effective use at trial, so that it will not result in a delay of the trial or delay during the trial. With respect to specific Rule 16 material, if the government does not turn over certain requested material under Rule 16, Mr. Slade may seek to compel the government to provide such material, if one of Rule 16's requirements for production is established.

## II.    Motion for Reasonable Notice of Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 (ECF No. 62)

Mr. Slade seeks to compel the government to provide him with notice of evidence of prior crimes, wrongs, or other acts it intends to present at trial under Federal Rules of Evidence 404(b) and 609, at least thirty days prior to trial. Specifically, Mr. Slade requests a written statement, concerning the nature, dates, and places of occurrence of any criminal offense or act of misconduct that the government will attempt to prove at trial. In addition, he requests a description of the purpose for which the government will seek to admit such evidence. Finally, he requests that the Court set a pre-trial hearing to address the admissibility of the government's evidence under Rules 404(b) and 609.

The government responds that it has not yet identified any Rule 404(b) material, but that it does intend to comply with the Rule's Notice requirement as well as this Court's Pretrial Scheduling Order deadlines. As an alternative, the government suggests that it disclose such materials ten days prior to trial. In his Reply Brief, Mr. Slade suggests that if thirty days is not acceptable, then disclosure of the requested materials twenty-one days prior to trial is appropriate.

Rule 609 is titled, "Impeachment by Evidence of a Criminal Conviction," and concerns "attacking a witness's character for truthfulness by evidence of a criminal conviction." Fed. R.

Evid. 609. Federal Rule of Evidence 404(b) is titled, "Other Crimes, Wrongs, or Acts," and specifies when such evidence is prohibited, when it is permitted, and directs the prosecution's obligations to notify the defense that it intends to introduce such evidence. As to "Prohibited Uses," Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). With respect to "Permitted Uses," Rule 404(b)(2) provides that evidence of prior bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Finally, Rule 404(b)(3)'s notice requirements provide as follows:

> **(3) Notice in a Criminal Case**. In a criminal case the prosecutor must:
>
> **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> **(C)** do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3). The United States Court of Appeals for the Third Circuit requires that Rule 404(b) evidence may only be introduced at trial if the government "can demonstrate its admissibility." *United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017). Admissibility of "evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *United States v. Green*, 617 F.3d 233, 240 (3d Cir. 2010).

What constitutes "reasonable notice" of such material, depends upon "the circumstances and complexity of the prosecution." *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016). In general, courts have found that, "reasonable notice" under Rule 404(b) is in the range of seven to ten days or one to two weeks prior to trial. *United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016); *United States v. Buckner*, 2020 U.S. Dist. LEXIS 5485, at *14–15 (M.D. Pa. Jan. 13, 2020). There is also precedent for ordering disclosure of such evidence thirty days in advance of trial, when the circumstances and complexity of the case require such earlier disclosure. *United States v. Coles*, 511 F. Supp. 3d 566, 593 (M.D. Pa. 2021)[2]. Thus, determination of when disclosure should occur, will depend upon "the circumstances and complexity of the prosecution." *Johnson*, 218 F. Supp. 3d at 462).

At this time, and upon review of the pleadings, the circumstances and complexity of this matter appear to be such that disclosure fourteen days prior to trial is sufficient for the defense to make effective use of the material and to request a pretrial evidentiary hearing. This is a single count Indictment, charging Mr. Slade with being a felon in possession of a firearm and ammunition. The relevant events of the arrest are straightforward, and the actions are confined to a single day, November 28, 2023. The Indictment alleges, and identifies, seven qualifying prior convictions of Mr. Slade. The Indictment's "Notice of Special Findings," section, lists five alleged "serious drug offenses" that, if three are established, would increase the penalties for Mr. Slade. While such prior criminal convictions may not be all-inclusive of Rule 404(b) material, such information is critical to the defense, and it is significant that the defense has this information early in this case.

---

[2] In *Coles*, the District Court concluded: "Given the circumstances and complexity of this prosecution, and the anticipated volume of motions in limine, we will adopt [defendant's] proposal and order the government to notify all defendants whether it intends to offer evidence under Rule 404(b) or Rule 609(b) at least 30 days before trial. *United States v. Coles*, 511 F. Supp. 3d 566, 593 (M.D. Pa. 2021).

For these reasons, the government will be ordered to provide Mr. Slade with notice of evidence of prior crimes, wrongs, or other acts it intends to present at trial under Federal Rules of Evidence 404(b) and 609, at least fourteen days prior to trial. Such information should include a written statement concerning the nature, dates, and places of occurrence of any criminal offense or act of misconduct that the government will attempt to prove at trial. Furthermore, for evidence intended to be admitted pursuant to Rule 404(b), the government shall provide to the defense a description of the purpose for which the government will seek to admit such evidence. As always, the guiding directive for such disclosures is that materials be disclosed in enough time to ensure that the defense can properly review the material and prepare for a pre-trial evidentiary hearing, and the materials should be disclosed in sufficient time so as not to delay the trial, or cause delay during the trial. Finally, as to the defense's request that the Court set a pre-trial hearing to determine the admissibility of any evidence, the Court will, if needed, schedule such a hearing, but since the government has not yet identified any Rule 404(b) materials, it is premature to determine the necessity for a hearing or to set such a hearing at this time.

Accordingly, Mr. Slade's Motion for Reasonable Notice of Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 (ECF No. 62) is GRANTED to the extent that the government must disclose such material fourteen days prior to trial. Mr. Slade's Motion for a hearing is Denied, without prejudice.

### III.    Motion to Preserve Law Enforcement's Rough Notes (ECF No. 64)

Mr. Slade requests that the Court order all law enforcement officers, who participated in the investigation, arrest, and questioning of Mr. Slade, to retain and preserve all rough notes and writings, which are arguably producible to the defense under applicable law, including notes related to Mr. Slade's arrest and the documentation of any statements made by Mr. Slade at the

time of his arrest. The government states that it has advised law enforcement officers to retain the materials identified by the defense and will turn such evidence over to the Court, for review, or defense, at the appropriate time.

Aware that the government states that it has already ordered law enforcement to retain rough notes, the Court agrees with the defense, that entering an order as requested, imposes no burden upon the government. Accordingly, pursuant to *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994), *United States v. Ammar*, 714 F.2d 238 (3d Cir. 1983), and *United States v. Vella*, 562 F.2d 275 (1977), the defense Motion is GRANTED.

The government is ORDERED to direct all involved federal, state, and local law enforcement, who participated in the investigation, arrest, and questioning of Mr. Slade, to retain and preserve all rough notes and writings, which are arguably producible to the defense under applicable law, or to the Court for review. The government shall also identify any rough notes and writings of law enforcement officers that are unable to be found or were destroyed, and provide notice of such items to the defense.

Dated: <u>June 24, 2025</u>                                    <u>  s/*Marilyn J. Horan*</u>
                                                                Marilyn J. Horan
                                                                United States District Court Judge